RECEIVED
USDC. CLERK. CHARLESTON. S

2009 JUN 30 P 2: 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A. Smith, #248821, ) | C. A. No. 2:09-0489-HFF-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Lieber Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on March 4, 2008, and petitioner's motion for summary judgment filed on April 28, 2009. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, James A. Smith, is presently confined to Lieber Correctional Institution pursuant to Orders of Commitment from the Clerk of Court from Colleton County. At the July 1997 term, the Colleton County Grand Jury issued two indictments of Petitioner for murder (97-GS-15-0623 and -0624). (PCR App. 519-20; 522-23). Petitioner was represented at the trial level by John D. Bryan, Esquire. Petitioner was tried before the Honorable Alexander S. Macaulay and a jury on June 14-16, 1999, at the conclusion of which the jury convicted Petitioner as

charged. (PCR App. 367, 525)   Judge Macaulay sentenced Petitioner to thirty (30) years on -0624 and a consecutive sentence of life in prison on -0623. (PCR App. 387, 521, 524).

A timely notice of appeal was filed with the South Carolina Court of Appeals and Chief Appellate Defender Daniel T. Stacey was appointed to represent Petitioner.  On October 25, 2001, Stacey filed with the South Carolina Court of Appeals a Final Brief of Appellant, in which he raised the following issues:

> Whether the court erred in violation of due process of law when it repeatedly permitted the solicitor to inject his personal opinion that appellant was guilty into a case where the key witness had given grossly inconsistent information about the case?

(PCR App. 392).  The State filed a Final Brief of Respondent dated October 25, 2001. (PCR App. 408).  On May 3, 2002, the state court of appeals issued an opinion in which it affirmed the conviction and sentence.  State v. Smith, 2002-UP-320 (S.C. Ct. App. 2002).  The Remittitur was sent down on May 21, 2002.

Petitioner next filed a pro se Application for Post-Conviction Relief ("APCR") on July 3, 2002, (02-CP-15-0543), in which he asserted the following issues:

> A.   The Conviction or the Sentence was in violation of the constitution of the United States or the Constitution or Laws of this State.
>
> B.   There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.

>    C.  Ineffective assistance of trial counsel and appeal counsel.

(PCR App. 433). The State filed a Return on January 13, 2003. (PCR App. 450). Petitioner filed an Amended APCR on June 1, 2004, in which he raised the following issues:

>    A.  A violation of the 6th Amendment right to counsel.
>
>    B.  A violation of the 6th Amendment right to an impartial jury.

(PCR App. 444).

An evidentiary hearing was held before the Honorable John C. Few on July 26, 2004, at which Petitioner was present and represented by R. Clenton Campbell, Esquire. (PCR App. 456). Petitioner called himself, juror Floyd Walling, and trial counsel Bryan to testify; the State called no witnesses. Judge Few took the matter under advisement, and on October 29, 2004, Judge Few signed an Order of Dismissal in which he denied relief. (PCR App. 510).

A timely notice of appeal from the denial of relief was filed with the South Carolina Supreme Court. Assistant Appellate Defender Aileen P. Claire, of the South Carolina Office of Appellate Defense, represented Petitioner in the APCR appeal. On August 22, 2005, Claire filed a Petition for Writ of Certiorari in which she raised the following issue:

>    1.  Should petitioner's conviction be reversed because one of his jurors knew him from being incarcerated in the same facility and shared this

3

>information with the other jurors or, in the alternative, because trial counsel failed to request a voir dire question that would have exposed the juror's relationship to petitioner?
>
>2.   Was trial counsel ineffective for not objecting to the solicitor's improper closing argument on due process grounds?
>
>3.   Was appellate counsel ineffective for briefing the solicitor's improper closing argument as a due process violation, which was not argued at trial, rather than relying on the adequate statutory grounds that were presented below?

The State filed a Return to the Petition for Writ of Certiorari on November 29, 2005.

On December 7, 2006, the state supreme court issued an order in which it granted the petition for writ of certiorari. Assistant Appellate Defender Claire filed her Brief of Petitioner on February 7, 2007. The State filed its Brief of Respondent on April 9, 2007. On December 10, 2007, the state supreme court issued an opinion in which it affirmed the denial of PCR relief. Smith v. State, 654 S.E.2d 523 (S.C. 2007). The Remittitur was sent down on December 28, 2007.

Attached herewith and incorporated herein by reference are the following documents from the state court record:

>1.   Appendix including: Index; Trial Transcript Dated June 14-16,1999; Final Brief of Appellant; Final Brief of Respondent; Application for Post-Conviction Relief Filed July 3, 2002; Amended Application for Post-Conviction Relief Filed June 1, 2004; Return Filed January 13, 2002; Post-Conviction Relief Transcript Dated July 26, 2004; Order of Dismissal Filed November 3, 2004; Clerk of Court Records;

4

2.   May 3, 2002 Unpublished Opinion;

3.   May 21, 2002 Remittitur;

4.   July 19, 2004 Letter (copies of the Colleton County Detention Center records);

5.   August 12, 2004 Affidavit of Kenneth Dale Bazzel;

6.   March 1, 2005 Notice of Appeal;

7.   August 22, 2005 Petition for Writ of Certiorari;

8.   November 29, 2005 Return to Petition for Writ of Certiorari;

9.   December 7, 2006 Order (granting Petition for Writ of Certiorari);

10.  February 7, 2007 Brief of Petitioner;

11.  April 9, 2007 Brief of Respondent;

12.  December 10, 2007 Opinion;

13.  December 28, 2007 Remittitur.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2254:

"(ISSUE 1)

My Appellant Counsel raised an issue on appeal that was not preserved in the record.
I had no Appellant Court review on my case do to the ineptitude and shortcomings of Counsel (sic)
In all reality I had no appeal.

(ISSUE 2)

The prosecutor in my trial during summation was injecting the jury with personal feelings, and opinions, vouched for the credibility of

5

> witnesses, and testified to facts not in evidence inter alla. (sic).
> Inso far my trial counsel did not object to any misconduct by the prosecutor under Due Process grounds to preserve the error for appellant review under the Federal Constitution.
>
> (ISSUE 3)
>
> My trial counsel did not request any voir dire questions to reveal that one of the jurors knew me from the county jail. This was counsel's fault, and this juror would have been <u>struck</u> for cause had I known this."

On March 28, 2009, the petitioner was provided a copy of the respondents' motion for summary judgment and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on June 3, 2009, and the respondent filed a reply to the opposition on June 25, 2009, with the affidavit of Sharon A. Graham, Administrative Coordinator of the South Carolina Office of Appellate Defense. Hence it appears consideration of the motion is appropriate.

## APPLICABLE LAW

### STATUTE OF LIMITATIONS

The present habeas corpus petition has a delivery date[1] of

---

[1] Pursuant to <u>Houston v. Lack</u>, 477 U.S. 266, 270-71 (1988), a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court.

February 23, 2009. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v. Murphy, 117 S.Ct. 2059 (1997). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period begins to run "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction. 28 U.S.C. § 2254(d)(2).

## EQUITABLE TOLLING

Generally, a petitioner seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), cert. denied, 516 U.S. 832, 116 S.Ct. 107, 133 L.Ed.2d 60 (2004); see also, United States v.

7

Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

As the Fourth Circuit stated in Harris v. Hutchinson:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

209 F.3d 325, 330 (4th Cir. 2000). Furthermore, courts have held that "unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling." Harris, 209 F.3d at 330-32. "Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999). See also, Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) ("[A]ttorney error [is] inadequate to create the 'extraordinary' circumstances equitable tolling requires.") Nor are prison

conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." Id.; see also Jones v. South Carolina, 2006 WL 1876543, (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

Lastly, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402. "[E]quity is not intended for those who sleep on their rights." See, Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (citing Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)).

## DISCUSSION

A review of the record and relevant case law reveals that the petition was filed beyond the one year statute of limitations and is not subject to equitable tolling. Therefore the petition should be dismissed as untimely.

Petitioner's conviction was finalized by the conclusion of direct review on August 1, 2002, or ninety (90) days after May 3, 2002, the date the South Carolina Court of Appeals issued its

opinion affirming Petitioner's convictions.  See, e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Petitioner therefore had until August 1, 2003, to file his federal habeas corpus action unless the period was at any time tolled.  See, e.g., Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000).

Petitioner filed his PCR on July 3, 2002, before his conviction was finalized.  Thus, no time ran prior to the filing of the PCR.  The period of limitations was tolled during the pendency of the PCR until no later than December 28, 2007, when the South Carolina Supreme Court issued the Remittitur from its affirmance of the PCR Order of Dismissal.  See, e.g., Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post conviction petition).

The delivery date for this habeas action was February 23, 2009.  As such, four hundred and twenty-three (423) days of non-tolled time accrued after the disposition of the petitioner's

PCR. Therefore, the present Petition for Writ of Habeas Corpus is time-barred and should be dismissed on that basis unless the time was equitably tolled.

Petitioner claims in his petition that his PCR appellate counsel did not send him the order of the state supreme court affirming the denial of relief despite numerous letters from him asking for the status of his appeal. By affidavit, Sharon A. Graham, Administrative Coordinator of the South Carolina Office of Appellate Defense, swore that none of the referenced letters were received by the Office of Appellate Defense.

Petitioner wrote the court asking for a copy of the order, which he asserted he received for the first time on January 23, 2009. He states he then "immediately put this action in proper form and sent it to this Court". (Petition p. 14). Again, Petitioner's delivery date is a month later, on February 23, 2009.

These alleged facts are insufficient for application of the doctrine of equitable tolling. Even assuming the appellate defender did fail to notify him, he still would not be entitled to equitable tolling. Petitioner's PCR appeal was filed in March 2005, and was not resolved until December 2007, nearly three years later. Petitioner asserts he wrote several letters to his lawyer but received no response. He wrote to the court to check on the status of his action. He does not indicate when he wrote

to the court, but he received a copy of the court's order denying his appeal on January 23, 2009, nearly four years after his PCR appeal was filed, and over a year after the PCR appeal was finally decided. Further, once Petitioner discovered the PCR appeal had been concluded, in January 2009, he did not file his habeas petition for an additional month, on February 23, 2009.

Petitioner's failure to contact the court check on the status of his PCR appeal for years after it was filed despite his knowledge that his lawyer was not responding to his letters and his failure to immediately file this action once he discovered the disposition of the PCR appeal, does not display the type of diligence necessary for application of equitable tolling. See generally, e.g., Smith v. McGinnis, 208 F.3d 13, 17-18 (2nd Cir. 2000) (AEDPA's statute of limitations may be equitably tolled only in rare and exceptional circumstances and only "if the party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll.").

In short, the circumstances alleged by the Petitioner simply do not present one of those rare instances where it would be unconscionable to enforce the limitations period.

## **CONCLUSION**

Accordingly, for the aforementioned reasons it is recommended that the petition be dismissed as untimely and this matter ended.

Respectfully Submitted,

*Robert S Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

June **30**, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).

14