

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES A. SMITH,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN MCKIETHER BODISON,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 2:09-489-HFF-RSC<br>§<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition be dismissed as untimely and the matter ended. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on June 30, 2009, and the Clerk of Court entered Petitioner's objections to the Report on July, 24, 2009.

The Magistrate Judge concluded that Petitioner's petition was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations for habeas petitions and that Petitioner was not entitled to equitable tolling of the statute.

In his objections, Petitioner fails to dispute the Magistrate Judge's statute of limitations calculation, but he insists that he is entitled to equitable tolling of the statute because he sent seven letters to his attorney inquiring about the status of his petition to the South Carolina Supreme Court. According to Petitioner, he never received a response from counsel to any of the letters, and he was unaware that the South Carolina Supreme Court had issued an opinion adverse to him until he contacted them and received a copy of their opinion on January 23, 2009. (Pet. 14.)

Petitioner first challenges the Magistrate Judge's characterization of an affidavit submitted by Respondent in response to the letters he produced. The Magistrate Judge wrote that an employee with the South Carolina Office of Appellate Defense "swore that none of the referenced letters were received by the Office of Appellate Defense." (Report 11.) As Petitioner points out, the employee specifically stated that she searched the files and *failed to find any letters* from Petitioner. However, the Magistrate Judge's interpretation of the affidavit does not prejudice Petitioner because the Magistrate Judge assumed that even if the Office of Appellate Defense received the letters and "the appellate defender did fail to notify him, he still would not be entitled to equitable tolling." (Report 11.)

Petitioner next challenges the Magistrate Judge's assertion that he failed to act with reasonable diligence, which would entitle him to equitable tolling. According to Petitioner, the seven letters sent to his attorney along with his attempt to contact the clerk's office amounts to reasonable diligence. Additionally, Petitioner cites five cases where courts applied equitable tolling,

none of which are binding on this Court and only one of which was decided by a court within the Fourth Circuit. In that case, neither the petitioner nor the petitioner's attorney were notified about the United States Supreme Court's denial of certiorari until after the one-year limitations period had expired. *Brandon v. United States*, 89 F. Supp. 2d 731, 734 (E.D. Va. 2000). The respondent failed to dispute that information, and the district court agreed that equitable tolling of the statute of limitations was appropriate. *Id.* Here, unlike *Brandon*, Petitioner fails to present any evidence that his post conviction relief counsel failed to receive a copy of the South Carolina Supreme Court's Order. In fact, the only evidence before the Court on this issue reveals that Petitioner's attorney was provided a copy of the opinion by the Clerk of the South Carolina Supreme Court. (Resp't's Return and Mem. Ex. 17.)

Moreover, *Brandon* was decided before the Court of Appeals for the Fourth Circuit decided *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc). That case dealt with the application of the AEDPA and equitable tolling to a death row inmate's § 2254 habeas petition filed just one day after it was due. *Id.* at 241. Finding that the petitioner was not entitled to equitable tolling, the court set a high hurdle for application of the doctrine noting that "rarely will circumstances warrant equitable tolling." *Id.* at 246. The court held that a petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Id.* at 246. More recently, the Supreme Court held that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

3

The *Rouse* Court failed to address the specific issue confronting this Court. *See Rouse,* 339 F.3d at 250 n.14 (declining to reach issue where attorney fails "to take any action at all"). However, other courts have addressed the question of whether an attorney's failure to respond to a client's letters amounts to reasonable diligence, and every decision the Court could locate rejected application of the doctrine of equitable tolling under circumstances similar to those present here. *E.g., Murray v. United States*, No. 07-3687, 313 Fed. App'x 924, 925 (8th Cir. Mar. 10, 2009) (finding movant failed to exercise reasonable diligence warranting equitable tolling where he sent letters to his attorney and called attorney's office); *United States v. Tafoya*, No. 05-2092, 164 Fed. App'x 700, 701-02 (10th Cir. Jan. 20, 2006) (concluding that three letters sent by movant to his attorney fails to rise to level of diligent pursuit of his claims); *Logreira v. Secretary for the Dep't of Corr.*, No. 05-13778, 161 Fed. App'x 902, 904 (11th Cir. Jan. 11, 2006) (finding petitioner failed to exercise sufficient diligence where he mailed repeated letters to the clerk of court regarding the status of his case); *Lewis v. Cockrell*, No. 00-10836, 2002 WL 432658 (5th Cir. Mar. 5, 2002) (finding petitioner's numerous letters to his attorney and court clerks was "insufficient to meet the high standard necessary for equitable tolling."); *but see McCowen v. Conway*, No. 07-3316, 2008 WL 123940, at *4 (E.D.N.Y Jan. 10, 2008) (finding that two letters to attorney and one to the clerk of court constituted "reasonable diligence" but holding petitioner not entitled to equitable tolling because of failure to demonstrate "extraordinary circumstances").

Given the weight of authority on this issue and the *Rouse* Court's clear limitations on equitable tolling, the Court finds that Petitioner has failed to act with the reasonable diligence necessary for application of equitable tolling. Furthermore, Petitioner fails to point to any extraordinary circumstances that prevented him from diligently pursuing his rights. The Court

4

agrees with the Magistrate Judge that given Petitioner's apparent concerns in his letters that his attorney was failing to take any action, it was unreasonable for him to continue in that course of conduct for as long as he did. *See Yancy v. United States*, No. 7:04-139, 2009 WL 1546288 at *3 (W.D. Va. June 2, 2009) (holding movant was not entitled to equitable tolling and finding that eleven unresponded to letters warranted a different course of action). Though Petitioner eventually contacted the South Carolina Supreme Court Clerk's Office, he did not receive a response from them until over two years after his initial petition for certiorari was granted. Such a delay by Petitioner closes equity's doors to Petitioner. Thus, Petitioner is not entitled to equitable tolling, and his current petition is barred by the AEDPA's one-year statute of limitations.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that the petition be **DISMISSED** as untimely and the matter ended.

**IT IS SO ORDERED**.

Signed this 29th day of July, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.